IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SIDNEY SMITH, | ) | CASE NO. 7:15CV00023 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Sidney Smith, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2009 convictions and sentence in Tazewell County Circuit Court. The court notified Smith that his petition appeared to be untimely filed under 28 U.S.C. § 2244(d) and granted him an opportunity to provide additional information on that issue, which he has done. After review of this additional information, the petition, and court records available online, I conclude that the petition must be summarily dismissed as untimely filed.

I.

Smith, depressed after a separate from his girlfriend, drank alcohol and consumed Xanax pills with his friend, Bobby Elder, on August 14, 2006. Smith began cutting his arms with a buck hunting knife. Elder's wife tried to convince Smith to give her the knife, and when he would not do so, she called the police.

Officer Gary Childress of the Richlands Police Department arrived at the scene and ordered Smith to drop the knife. According to Childress, Smith merely cursed the officer and continued cutting himself. Childress testified that Smith advanced toward him and was close enough to touch when Childress shot him once in the chest, which stopped Smith's advance.

Rescue personnel tended Smith's wounds and transported him to the local hospital, where he later underwent surgery to repair damage caused by the gunshot. Two months later, Smith was charged with attempted capital murder and assault on rescue personnel.

Smith initially pleaded not guilty in Tazewell County Circuit Court and proceeded to trial. Part way through the Commonwealth's case, however, counsel advised Smith that it was in his best interest to change his plea to no contest and pursue a plea agreement, to avoid the life sentence plus five years to which he would have been subject if convicted after trial. Smith allegedly begged counsel to call witnesses to support his version of events—that Smith's knife had become slick with his blood, causing him to drop it, and as he dropped to his knees to retrieve the knife, Childress shot him. Counsel allegedly refused to pursue this defense, and Smith decided to plead no contest.[1] The Circuit Court accepted the change of plea, found Smith guilty of both charges, and sentenced him to a total of 42 years in prison. Judgment was entered on June 29, 2009. Smith did not appeal. On January 31, 2011, Smith filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on June 21, 2011.

More than two years later, in November 2013, in response to Smith's written request, counsel sent Smith his case file. While pouring through the case records, Smith discovered his own medical records, subpoenaed by the Commonwealth and provided to counsel before trial, allegedly without Smith's knowledge. According to Smith, the records show that Smith's entrance wound in his chest was higher on his body than the exit wound in his lower back, indicating that the bullet traveled in a downward trajectory.

Smith filed a second habeas corpus petition in the Supreme Court of Virginia on October 8, 2014, attaching his surgical records. He argued that counsel was ineffective for failing to

---

[1] Smith does not describe any evidence or witness testimony that Smith asked counsel to present for the defense at trial.

2

Case 7:15-cv-00023-NKM-RSB   Document 12   Filed 05/14/15   Page 2 of 6   Pageid#: 114

investigate and argue from the medical records the defense theory that Smith was shot while on his knees and thus could not be guilty of attempting to murder Childress. The Court rejected Smith's petition on December 1, 2014, as untimely filed under state law.

Smith signed and dated his federal habeas petition on January 14, 2015. In the petition, he alleges that his trial counsel provided ineffective assistance by failing to investigate and use Smith's available hospital records at trial to argue Smith's innocence. Smith also seeks to renew his motion for appointment of counsel and his motion to stay the case and expand the record.

## II

A person in custody under the judgment of a state court has one year to file a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final, which occurs when petitioner has exhausted his opportunities to seek direct review. § 2244(d)(1)(A). If the district court gives petitioner notice that the petition appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Smith did not file his § 2254 petition within the statutory period defined in § 2244(d)(1)(A). His conviction became final on July 29, 2011, upon expiration of the thirty-day window for him to appeal the circuit court's judgment to the Court of Appeals of Virginia. *See* Virginia Code §8.01-675.3. On that date, Smith's one-year period under § 2244(d)(1)(A) began to run, and it expired on July 30, 2012. Smith filed his current petition more than two years later, in January 2015.[3]

Smith argues that his federal habeas claims should be deemed timely under the filing period defined in § 2244(d)(1)(D), based on the date when he discovered new facts about his innocence. Smith claims that the earliest he could have discovered the trajectory evidence in his medical records was November 2013, when he received his case file from counsel.

I cannot agree. Section 2244(d)(1)(D) tolls the federal filing period only until the date when the "factual predicate of the claim . . . could have been discovered through the exercise of due diligence." Smith fails to demonstrate why it took him four years to obtain his file from counsel. At the most, he complains that his prison job paid only enough to cover his personal hygiene materials, so he had no money to make telephone calls. He offers no evidence that he even wrote to counsel about getting his case file at any time before November 2013. Moreover, Smith could certainly have obtained copies of his own medical records. Instead of engaging in any reasonable investigation of possible habeas claims, Smith sat on his rights for more than four years. Even after receiving the file in November 2013, he waited nearly a year before filing his second state habeas petition. I conclude that Smith's lack of diligence precludes calculation of his federal filing period under § 2244(d)(1)(D).

---

[3] The running of the federal statutory period is tolled while any state habeas corpus proceedings are pending. *See* 28 U.S.C. § 2244(d)(2). Because Smith did not file his state court habeas petitions until after his federal filing period expired, however, the state habeas proceedings did not toll the § 2244(d)(1)(A) filing period.

4

Finally, I do not find that Smith has made a sufficient showing of actual innocence on which to equitably toll the federal filing period. In *McQuiggin v. Perkins*, __U.S. __, 133 S. Ct. 1924 (2013), the Supreme Court ruled that a "convincing showing" of actual innocence under the standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995), provides a "gateway" to federal habeas review of cases filed outside the one-year statute of limitations. To qualify for tolling based on actual innocence under *Schlup,* Smith must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. He must also "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. It is well established that this actual innocence exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 521(2006); *see also Schlup*, 513 U.S. at 324 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare").

Smith's new evidence alone simply does not support a convincing claim that Smith is innocent of attacking Childress. The trajectory evidence in the medical records may be consistent with Smith's self-serving account that he was shot while on his knees reaching for the knife he had dropped. Smith offers no other evidence in support of this theory, however. Moreover, the trajectory evidence is not necessarily inconsistent with Childress's testimony that Smith ignored orders to drop the knife and was shot as he continued to advance toward the officer in a threatening manner. Accordingly, I cannot find that Smith has met the demanding

5

*Schlup* requirement to show that no reasonable juror would convict him in light of his new evidence.[4]

For the reasons stated, I will dismiss Smith's petition as untimely filed. .

**ENTER**: This  14th   day of May, 2015.

_Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] Other than his unsuccessful claim of actual innocence, Smith fails to present any ground on which he is entitled to equitable tolling of the statutory filing period under § 2244(d)(1). *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding equitable tolling available when petitioner demonstrates due diligence and exceptional circumstances that prevented him from filing on time); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding that inmate's pro se status and ignorance of law are not sufficient grounds to justify equitable tolling).